UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| PROMINENT TECHNOLOGIES, LLC, <br>     Plaintiff, <br><br> V. <br><br> FARUK FATEHALI, ET AL., <br>     Defendants. | CIVIL ACTION NO. 5:23-CV-147-KKC <br><br><br> **OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

The matter is before the Court on defendants Faruk Fatehali, Venture Vega, LLC, and Matrix IGaming, LLC motions to dismiss. (DEs 20, 21, 22.) For the following reasons, Fatehali's motion is granted in part and denied in part, and the motions filed by Matrix IGaming and Venture Vega are denied.

**I.    Background**

The parties' business dealings began at a gaming exposition in Georgia in 2021. A year later, on behalf of Venture Vega, LLC ("Venture Vega"), Fatehali negotiated a deal for Venture Vega to supply Prominent with one-hundred-fifty "gaming terminals" for $132,250. Fatehali is a member of Venture Vega and Matrix IGaming, LLC ("Matrix IGaming").

Prominent alleges that in August of 2022, the first gaming terminal was delivered but did not meet the relevant standards. To date, Prominent alleges it has paid, but has not been refunded, the full contract amount and that no satisfactory units have been delivered.

Prominent brings state law claims against the defendants for breach of contract (Count I), fraud (Count II), and negligent misrepresentation (Count III). Representing both himself and the other defendants *pro se*, Fatehali filed motions to dismiss for each defendant.

1

## II. Standard of Review

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the "factual allegations in the complaint must be regarded as true." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief and to give the defendant notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## III. Analysis

### a. Fatehali's motion to dismiss is granted in part and denied in part.

First, Fatehali argues that he should not be personally liable to Prominent because its claims arise out of contract with Venture Vega—not him. Liberally construing Fatehali's motion, Fatehali essentially asserts that Prominent has insufficiently plead facts which would impute personal liability to him. *Dell, Inc. v. Elles*, No. 07–2082, 2008 WL 4613978, at *4 (6th Cir. June 10, 2008) (finding it proper for a district court to liberally construe a *pro se* defendant's pleadings). According to Exhibit 1 of Fatehali's motion, the contract was between Venture Vega and Prominent—not Fatehali. *Luis v. Zang*, 833 F.3d 619, 632 (6th Cir. 2016) ("A court evaluating a motion to dismiss may . . . consider . . . exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein."). With this in mind, and for the following reasons, Prominent is required to pursue a veil-piercing theory against Fatehali to hold him personally liable for Count I but not for Counts II and III.

2

Under Kentucky law, members of an LLC enjoy limited liability "in regard to the debts and obligations of the LLC." *Racing Inv. Fund 2000 v. Clay Ward Agency*, 320 S.W.3d 654, 656 (Ky. 2010). Members of LLCs thus avoid personal liability for their company's contracts unless a plaintiff demonstrates it is appropriate for a court to engage in corporate veil piercing. *Inter-Tel Techs., Inc. v. Linn Station Props., LLC*, 360 S.W.3d 152, 155 (Ky. 2012). It is, however, well settled law that an LLC member can be "personally liable for a tort committed by him although he was acting for the [LLC]." *Peters v. Frey*, 429 S.W.2d 847, 849 (Ky. 1968). Applied to this case, Kentucky law requires Prominent to demonstrate that veil piercing is appropriate for Count I as that claim is based on the contract entered by Venture Vega—an LLC Fatehali is a member of. As for Counts II and III, however, Prominent is not required to prove that veil piercing is appropriate because those counts are tort claims which LLC members are not entitled to limited liability for. *Peters*, 429 S.W.2d at 849.

At the pleading stage, a plaintiff must plead sufficient facts to impute personal liability to a defendant when the defendant is being sued under a contract entered by an LLC the defendant is a member of. In Kentucky, this requires plaintiffs to plead facts which satisfy a two-pronged veil piercing test. For the first prong, a plaintiff must plead facts which show "domination of the corporation [by the defendant] resulting in a loss of corporate separateness." *Inter-Tel Techs., Inc.*, 360 S.W.3d at 155. For the second prong, a plaintiff must plead facts which show "circumstances under which continued recognition of the corporation would sanction fraud or promote injustice." *Id*.

Here, Prominent's complaint insufficiently pleads facts related to Kentucky's veil piercing test. At best, Prominent pleads facts related to the second prong of Kentucky's veil-piercing test when it alleges that Fatehali made certain misrepresentations. But the complaint entirely fails to address the first prong. Put simply, Prominent failed to plead facts which demonstrate how Fatehali dominated either Venture Vega or Matrix IGaming in a

way that would justify piercing the limited liability veil. Thus, Fatehali is entitled to dismissal on Count I because Prominent failed to plead facts which would impute personal liability to him. As stated above, however, Prominent is not required to pursue a veil-piercing theory to establish personal liability against Fatehali for Counts II or III. Thus, the Court proceeds to Fatehali's remaining argument regarding dismissal of Counts II and III.

Fatehali argues that Counts II and III should be dismissed because "there is no basis to prove that he committed fraud knowingly or unknowingly." (DE 20 at 2.) In response, Prominent argues that it has sufficiently plead its claims for fraud and negligent misrepresentation. (DE 23 at 3-6.) Having reviewed Prominent's complaint, the Court finds that Prominent has sufficiently plead its claims for Counts II and III. In summary, Prominent's complaint alleges that Fatehali provided it with false information regarding his ability to perform under the contract, those misrepresentations induced Prominent to enter the contract, the nature of those misrepresentations became clear once Fatehali failed to perform under the contract, and Fatehali's failure to perform resulted in Prominent losing money. (*Id*.) Because the Court is required to accept these allegations as true at the pleading stage, it is evident that Prominent has satisfied its pleading requirements. *Scheid*, 859 F.2d at 436. As such, Fatehali is not entitled to dismissal of either Count II or III.

### b. The motions to dismiss filed by Venture Vega and Matrix IGaming are denied.

The motions filed by Venture Vega and Matrix IGaming must be denied because Fatehali filed these motions *pro se*. While Fatehali may represent himself *pro se*, he cannot represent either Venture Vega or Matrix IGaming because LLCs cannot be represented by non-lawyers. *G&G Closed-Cir. Events, LLC v. Bros. Bar & Grill, LLC*, No. 23-12999, 2024 WL 4457840, at *2, n.2 (E.D. Mich. Oct. 10, 2024) (citing *Loagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018)).

## IV. Conclusion

For the foregoing reasons, it is hereby ORDERED that

1. Fatehali's motion to dismiss (DE 20) is GRANTED in part and DENIED in part; GRANTED insofar as Count I will be dismissed; DENIED insofar as Counts II and III will not be dismissed;

2. Venture Vega's and Matrix IGaming's motions to dismiss (DE 21, 22) are DENIED; and

3. Venture Vega and Matrix IGaming SHALL be given sixty (60) days after the entry of this order to obtain counsel and have counsel enter a notice of appearance.

This 1st day of November, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY